IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LLOYD E. WOODS and
KIMBERLEY J. WOODS,
    Plaintiffs,

v.                                                Civil Action No. 3:18-cv-00549-JAG

MASERATI NORTH AMERICA,
INC.,
    Defendant.

## OPINION

This matter comes before the Court on the plaintiffs' motion to remand to state court. The plaintiffs, Lloyd E. Woods and Kimberly J. Woods (collectively, the "Woods"), sued the defendant, Maserati North America, Inc. ("Maserati"), in the Circuit Court of Hanover County. The Woods assert four claims: (1) breach of written warranty pursuant to the Magnuson-Moss Warranty Act (the "Magnuson-Moss Act"); (2) breach of implied warranty under the Magnuson-Moss Act; (3) revocation of acceptance pursuant to § 2310(d) of the Magnuson-Moss Act; and (4) violation of the Virginia Motor Vehicle Warranty Enforcement Act (the "Virginia Lemon Law"). Maserati removed the case to this Court based on federal question jurisdiction with respect to counts (1) – (3) and diversity jurisdiction with respect to count (4), and the Woods moved to remand. Because the Court has jurisdiction over each count, the Court denies the Woods' motion to remand.

## I. BACKGROUND

The Woods purchased a 2017 Maserati car. Including the sales price and miscellaneous charges, the car's cost totaled "more than $89,170.34." (Dk. No. 1, Ex. 1, at ¶ 4). Maserati gave the Woods several written warranties at the time of purchase. Almost immediately, the Woods

ran into various defects with the car, including issues with the brakes, engine, and steering wheel. Maserati-authorized service dealers failed to repair the car after several attempts. Because of these defects, the Woods revoked their acceptance. Maserati refused the revocation.

The Woods allege that Maserati breached its written warranties and implied warranty of merchantability pursuant to the Magnuson-Moss Act, and that Maserati's conduct amounts to a violation of the Virginia Lemon Law. The Woods request "return of all monies paid or in the alternative applicable damages pursuant to section 2-714 of the [Virginia] Commercial Code, and all incidental and consequential damages incurred," among other damages, in counts (1) and (2) of their complaint. (Dk. No. 1, Ex. 1, at ¶¶ 37(a), 45(a)). The Woods request "return of all monies paid . . . and all incidental and consequential damages incurred" in count (3), and "a refund of the full price of the vehicle . . . and/or a replacement vehicle, plus all attorneys' fees and costs" in count (4). (Dk. No. 1, Ex. 1, at ¶¶ 48(a), 52).

## II. DISCUSSION

A defendant in a state civil case may remove the case to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Federal courts have "original jurisdiction of all civil claims arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Federal courts also have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *Id.* § 1332(a). Under the Magnuson-Moss Act, a consumer may commence an action for damages in federal court if the amount in controversy (exclusive of interests and costs) equals or exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B). "When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper." *Parran's Flooring Ctr., Inc., v. Ford Motor Co.*, No. DKC 11-1151, 2011 WL

2

5974617, at *2 (D. Md. Nov. 28, 2011) (internal citations omitted). "The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)).

"The amount in controversy is any amount placed at issue by the pleadings." *Nat'l Org. for Marriage, Inc. v. I.R.S.*, No. 1:13-cv-1225, 2014 WL 5320170, at *3 (E.D. Va. Oct. 16, 2014), *aff'd sub nom. Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592 (4th Cir. 2015). Under the well-pleaded complaint rule, the jurisdictional amount equals the plaintiff's own good-faith claim. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). The amount of a plaintiff's claim is not conclusive, however, if the Court finds to a "legal certainty" that the plaintiff cannot recover that amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 393 U.S. 283, 288–89 (1938).

Applying the well-pleaded complaint rule to this case, the complaint satisfies the $50,000 jurisdictional minimum required under the Magnuson-Moss Act and the $75,000 requirement pursuant to § 1332(a). The Woods seek a refund of the full purchase price of the vehicle or a replacement vehicle, plus incidental and consequential damages, as well as attorneys' fees and costs. The Woods assert multiple times in their complaint that they paid more than $89,170.34 for the vehicle, and they request additional damages on top of that.[1]

The Woods argue that the Court should follow the Seventh Circuit and apply a "credit offset" to account for the fact that "Maserati would be entitled to the possession of the vehicle,"

---

[1] District courts have supplemental jurisdiction over "claims that are so related to claims" over which the court has original jurisdiction, such "that they form part of the same case or controversy." *Salim v. Dahmberg*, 170 F. Supp. 3d 897, 907 (E.D. Va. 2016) (quoting 28 U.S.C. § 1367(a)). The Woods' claims all arise from the same vehicle transaction. Thus, as long as the Court has jurisdiction over one claim, the Court may exercise jurisdiction over the other claims.

which would lower the Woods' damages. (Dk. No. 5, at 4). In a similar case, the Seventh Circuit calculated damages by subtracting the present value of the defective car and the value the plaintiff derived from its use from the price of a replacement vehicle. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004) (citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (referring to an Illinois remedy for delivery of a defective product)).[2] The reduced claim did not meet the amount in controversy. *Id.*

Virginia law and Fourth Circuit authority do not support this argument. Even accepting this set-off theory, however, the Court would have to find to a "legal certainty" that the Woods could not recover above the jurisdictional threshold based on the current record. *Parran's Flooring*, 2011 WL 5974617, at *4. The record in this case simply does not show to a "legal certainty" that the Woods cannot recover an amount above the jurisdictional threshold. *Id.*

Accordingly, the amount the Woods plead in their complaint satisfies the jurisdictional requirement for the Magnuson-Moss Act and diversity jurisdiction under 28 U.S.C. 1332(a).

### III. CONCLUSION

The Court has jurisdiction over this case because the Woods' claims meet the amount in controversy requirements. The Court, therefore, denies the Woods' motion to remand.

An appropriate Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: October 16, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] The Woods do not argue that Virginia law requires a credit set-off formula. Their motion to remand seems to concede that Virginia law would allow for a full refund, and simply states, without evidence or argument, that *Schimmer* applies and that the amount of money damages at the time of removal must fall below the $50,000 standard.

4